Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Annie Aboulian (SBN 280693)
annie@donigerlawfirm.com
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIGN COLLECTION,  INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BODY SHOP OF AMERICA, INC., a Florida Corporation; DOTS, LLC, a Delaware Limited Liability Corporation; CW OPERATING, LLC d/b/a "CW PRICE LLC," a Delaware Limited Liability Corporation; and CONWAY STORES, INC., a New York Corporation; and DOES 1-10,<br><br>Defendant. | Case No.: CV13-09000-FMO (SHx)<br>_Hon. Fernando M. Olguin Presiding_<br><br>**NOTICE OF APPLICATION AND APPLICATION FOR DEFAULT JUDGMENT BY COURT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEPHEN M. DONIGER, ESQ. IN SUPPORT THEREOF**<br><br>*([Proposed] Order and Declaration of Simon Barlava Filed Concurrently Herewith)*<br><br>Date: March 20, 2014<br>Time: 10:00 a.m.<br>Courtroom: 22 |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on March 20, 2014 at 10:00 a.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located at

- i -

312 N. Spring Street, Los Angeles, CA 90012, Plaintiff Design Collection, Inc. will and hereby does request entry of default judgment against Defendant Conway Stores, Inc. ("CONWAY").

This motion is made on the grounds that:

1. CONWAY was served with the Summons and Complaint on January 9, 2014 (*see* Dkt. 6) and has not responded to the Complaint or otherwise appeared in this action;

2. Default was entered by the Clerk against CONWAY to Plaintiff's Complaint on February 10, 2014 (*see* Dkt. 16);

3. CONWAY is not an infant, an incompetent person, in military service, or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940;

4. Plaintiff is now entitled to judgment against CONWAY on account of the claims pleaded in the Complaint, namely copyright infringement (17 U.S.C. § 101 *et seq*.);

5. Plaintiff seeks statutory damages in the amount of Thirty Thousand Dollars and No Cents ($30,000.00);

6. Under the Copyright Act (17 U.S.C. §101 *et seq*.), Plaintiff is entitled to recover costs incurred in this litigation, which amount to Fifty-Six Dollars and No Cents ($285.00);

7. Plaintiff is further entitled to reasonable attorney's fees (*see* 17 U.S.C. §101 *et seq*.), which amount to One Thousand Four Hundred Seventy Dollars and No Cents ($1,470.00); and

8. Notice of the amount requested and application of default judgment was served on CONWAY on February 14, 2014 by mail, as required by Local Rule 55-1(e).

This Application is based on this Notice, the Memorandum of Points and

Authorities, the Declaration of Stephen M. Doniger, Esq. and Simon Barlava, and the pleadings, file and other matters that may be presented at the hearing.


Dated: February 14, 2014                    DONIGER / BURROUGHS


                                   By:    /s/ Stephen M. Doniger
                                          Stephen M. Doniger, Esq.
                                          Attorneys for Plaintiff
                                          DESIGN COLLECTION, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This motion concerns a case of copyright infringement by Defendant Conway Stores, Inc. of a proprietary textile design owned by Plaintiff Design Collection, Inc. and internally designated as Design DC-10422. Conway has been well aware of this action and yet has refused to defend itself in it. Through Conway's refusal to cooperate, Design Collection's ability to determine the true scope of the infringement and to stop future infringements has been thwarted.

In 2012, Design Collection discovered that Conway was manufacturing and/or selling garments bearing unauthorized reproductions of Design Collection's DC-10422 design at its retail locations. Design Collection is not sure how many garments were illegally imported, how many infringing garments Conway sold for profit, or what the full scope of available damages are. Had Conway participated in this litigation, Design Collection would have discovered this essential information.

As a result of Conway's utter disregard for the judicial system, Design Collection hereby moves this Court to enter default judgment against Conway in the amount of $31,755. This amount includes $30,000 in statutory damages, $285.00 in recoverable costs, and $1,470.00 in attorneys' fees as allowed by L.R. 55-3.

## II.   RELEVANT FACTS AND PROCEDURAL HISTORY

Design Collection is a Los Angeles-based textile company. Barlava Decl. ¶ 3. As part of its business practices, it creates or purchases the exclusive rights to two-dimensional works of art and files and receives copyright registrations for these works. Id. In order to develop a competitive advantage, Design Collection invests heavily in the development and/or purchase of original artwork for such uses. Id. at ¶ 4. By maintaining a library of proprietary designs, Design Collection attracts customers to itself as the exclusive source of those designs. Id. By the same

token, Design Collection's business is seriously undercut when its exclusive artworks are infringed. Id.

Ongoing and potential customers of Design Collection obtain design samples from the company with the understanding and agreement that they will utilize only Design Collection to reproduce said designs should they wish to do so, and will not seek to print the designs elsewhere or make minor changes to Design Collection's proprietary work to reproduce the same elsewhere. Barlava Decl. ¶ 5. Despite this agreement and Design Collection's exclusive ownership of the copyrights in its designs, parties still exploit and print its exclusive designs through third parties domestically and abroad. Id. at ¶ 6.

In this case, retailer Conway has imported, purchased, and/or sold without permission products bearing Design Collection's proprietary and registered DC-10422 design ("Accused Product"). Barlava Decl. ¶8, Ex. 2. Subsequent to Design Collection's discovery of the Accused Product at Conway stores, Design Collection intended to uncover in the discovery phase of this litigation not only how much Accused Product Conway purchased and sold, but also what manufacturers, vendors, and/or intermediaries sold Accused Product to Conway or otherwise engaged in the network of infringement of the DC-10422 design as well as Conway's other customers for Accused Product. More importantly, Design Collection also intended to uncover during discovery if one of Design Collection's own customers or potential customers supplied Conway with Accused Product or an unauthorized copy of the DC-10422 design. This further information is essential to allow Design Collection to take reasonable steps to thoroughly prevent future infringements. Unfortunately, Conway's refusal to participate in this action has made it impossible for Design Collection to take such steps to protect its

intellectual property.

## III.   DEFAULT JUDGMENT IS PROCEDURALLY PROPER.

Design Collection requested and received an entry of default against Conway and thus has no other course to pursue against this defendant except to move for default judgment.[1]

Entry of default judgment ensures "that litigants who are vigorously pursuing their cases are not hindered by those who are not in an environment of limited judicial resources." *Swaim v. Moltan Co.*, 73 F.3d 711 (7th Cir. 1996); *see also Joe Hand Promotions, Inc. v. Pollard*, 2010 WL 2902343 (E.D. Cal. July 22, 2010); Fed. R. Civ. P. §55(b)(2). As the sum of judgment is not certain, Design Collection must seek default judgment through the Court rather than the Clerk. Fed. R. Civ. P. §55(b)(1), (2). For purposes of default judgment, all factual allegations, except those pertaining to damages, are deemed admitted. *Televideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 918 (9th Cir. 1987).

In the instant case, Design Collection has vigorously pursued its case against Conway. Design Collection has diligently attempted to notice Conway of this pending litigation, but Conway has failed entirely to respond to the Complaint or participate in this litigation whatsoever. Doniger Decl. ¶ 2. As the time for response has now lapsed, Design Collection is left with no other action to enforce its intellectual property but to request a default judgment against Conway. Because all necessary procedural requirements have been met, the requested default judgment should be granted.

## IV.   DEFAULT JUDGMENT IS PROPER BECAUSE DESIGN
##         COLLECTION WOULD BE PREJUDICED IF IT WERE NOT

---

[1] Conway was served with the Summons and Complaint in this action on January 9, 2014 (Dkt. 6) but never responded. Default was entered by this Court against Conway on February 10, 2014 (Dkt. 16).

**ALLOWED TO RECOVER ON ITS LAWFUL CLAIM OF INFRINGEMENT.**

This is a straightforward case of copyright infringement by Conway of Design Collection's copyrighted design. Because it is unlikely that there would be any genuine dispute concerning the substantial similarity of the designs and Conway's access to Design Collection's design, Design Collection would be prejudiced if it were unable to prosecute its case and obtain the substantial amount of statutory damages it would likely recover at trial.

The Court may grant default judgment in its discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making its decision, the Court may consider various factors, including (1) the possibility of prejudice to Plaintiff; (2) the merits of Plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether Defendant's default was due to excusable neglect; and (7) federal policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). As described below, the *Eitel* factors weigh heavily in favor of ordering a default judgment against Conway.

1.  **Design Collection Would be Prejudiced if its Motion for Default Judgment Were Denied.**

Design Collection has vigorously pursued its case and diligently attempted to notice Conway of this pending litigation. To allow Conway to escape liability by ignoring Design Collection and the judicial process would prejudice Design Collection, a lawful copyright claimant. Further, Design Collection has already incurred expenses in attempts to serve Conway as well as attorneys' fees in taking the necessary procedural steps to obtain a default judgment. For these reasons, this Court's denial of a default judgment against Conway would certainly prejudice Plaintiff.

**2.      Design Collection's Copyright Infringement Claims are Meritorious and Sufficiently Pled in the Complaint.**

Design Collection is the undisputed owner of a registered copyright in its DC-10422 design. Complaint ¶¶ 12-13. Design Collection's Complaint sufficiently alleges the substantial similarity between the DC-10422 design and the design on Conway's Accused Product (Complaint ¶¶ 15-16) as well as Conway's access to Design Collection's designs through Design Collection's ongoing distribution of design samples to potential customers through its regular course of business. Complaint ¶¶ 18-19. Conway's unauthorized reproduction of Design Collection's DC-10422 design and its importation, sale, and/or distribution of garments bearing such unauthorized reproductions (or derivative versions) are clear violations of Design Collection's copyright. *See* 17 U.S.C. §106. Design Collection's meritorious claim and the sufficiency of the complaint certainly weigh in favor of default judgment against Conway.

**3.      Design Collection Should Not Be Denied the Substantial Amount of Damages It Would Likely Recover from Conway at Trial.**

Even the minimum amount of statutory damages Design Collection requests, discussed further below, is a substantial amount to which Design Collection is entitled as the rightful owner of a registered copyright. The financial incentive to steal proprietary artwork from domestically based companies like Design Collection and manufacture garments bearing that artwork more cheaply overseas is enormous. It is thus critical to adequately deter and sanction infringing activity. This recoverable amount weighs in favor of default judgment against Conway.

**4.      There is Little Possibility of a Dispute Concerning Material Facts.**

As the owner of a U.S. Copyright Registration in its DC-10422 design, Design Collection enjoys a presumption of validity in its copyright. *See* 17 U.S.C. §410(c). If Conway disputed this validity, it certainly would have appeared to

defend itself in this litigation regarding four different copyright infringement claims. Further, side-by-side comparison make it clear that Conway copied Design Collection's design:

**Plaintiff's 10422 Design**          **Conway's Accused Garment**




**10422 Design Detail**          **Accused Garment Detail**




The articulable similarities between Design Collection's DC-10422 design and the design on Conway's Accused Product, including the expression, positioning, and original decorative elements of the abstract floral pattern, pass the extrinsic test for substantial similarity. *See Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006). The substantially similar overall look and feel of the designs likewise passes the intrinsic test for substantial similarity. *Cavalier v. Random House, Inc.* 297 F.3d 815, 822 (9th Cir. 2002). As a reasonable dispute over these material issues is unlikely, this factor weighs in favor of default judgment against Conway.

### 5.   Conway's Neglect in Defaulting is Not Excusable.

Conway was served with the Summons and Complaint on January 9, 2014 (*see* Dkt. 6). It has yet to file any type of response thereto. As such, Conway's utter disregard for its judicial obligations is evidently not due to inadvertence or "excusable neglect." *See Barnes v. Witt*, 207 Cal.App.2d 441 (1962). Because Conway has made no appearance whatsoever, nor has it made any effort even to argue excusable neglect for its disregard of Design Collection's claims and the judicial process, this factor weighs heavily in favor of default judgment.

### 6.   Although the Federal Rules Generally Prefer Decisions on the Merits, Conway Has Made A Decision on the Merits Impossible.

Conway's refusal to participate in this litigation has made a decision on the merits impossible; therefore, default judgment is appropriate. Because Conway failed to answer the Complaint, Design Collection was deprived of the opportunity to conduct discovery to facilitate a decision on the merits. Fortunately, because the Copyright Act allows statutory damages in lieu of actual damages (17 U.S.C. §504(c)), recovery for Design Collection is still possible despite such recalcitrance from Conway. As discussed below, Design Collection requests such allowable statutory damages, therefore the Court is not straying as drastically from a decision

on the merits as it perhaps would in a case where statutory damages are not available. For these reasons, this factor heavily favors default judgment.

\*\*\*

Application of the various *Eitel* factors to this case mandates the Court to exercise its discretion in ordering a default judgment against Conway.

## V.   DESIGN COLLECTION SHOULD BE AWARDED STATUTORY DAMAGES OF $30,000.

Pursuant to Design Collection's Complaint, Conway is in default on and now liable for copyright infringement. As such, Design Collection is entitled to damages in the sum of $30,000.00.

### A.   Given Conway's Failure to Participate in This Litigation, Design Collection Elects to Recover Statutory Damages.

Conway failed to answer the Complaint and thus deprived Design Collection of the opportunity to find out the scope of Conway's sales through discovery in order to compute Design Collection's actual damages. Because Conway made Design Collection unable to even approximate actual damages as a result of Conway's infringement, Design Collection elects to recover statutory damages.

Pursuant to the Copyright Act, the plaintiff in a copyright infringement suit "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Further, "because awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or the profits reaped by defendant." *Los Angeles News Service v. Reuters Television Intern, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998); *Columbia Pictures Television, Inc. v. Krypton*

*Broadcasting of Birmingham, Inc.*, 259 F.3d 1186 (9th Cir. 2001).

In this case, Conway chose not to answer or otherwise respond to the Complaint and thus frustrated Design Collection's ability to determine actual damages and profit disgorgement. Statutory damages are therefore particularly appropriate in the present action.

**B.    An Award of $30,000 is Reasonable in This Case.**

Design Collection seeks to recover $30,000.00, which is the maximum statutory damages award allowed for nonwillful infringement. 17 U.S.C. §§ 504(c)(1); *See Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990). This amount is more than reasonable and will act as an effective deterrent for future infringers who fail to take responsibility for their actions.

1.    <u>Design Collection Would Succeed In Proving Infringement by Conway at Trial.</u>

This amount is particularly reasonable in light of Conway's clear infringement of Design Collection's DC-10422 design and sales of garments bearing unauthorized reproductions of said design. As discussed above, Design Collection certainly would have been able to prove this infringement at trial.[2] An infringer, like Conway, should not be unjustly enriched for its utter refusal to take responsibility for its unlawful actions. Thus, awarding Design Collection anything less would effectively reward Conway's refusal to cooperate in this litigation and encourage other defendants to follow suit.

2.    <u>An Award of Statutory Damages Will Prevent Conway's Unjust Enrichment.</u>

---

[2] *See also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (To establish copyright infringement, plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."); *see also Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 2012) (Plaintiff can establish copying by showing (1) that defendant had access to plaintiff's work and (2) that the two works are substantially similar).

Finally, an award of $30,000.00 will serve as an effective deterrent for those like Conway who seek to profit from the work of others. California's apparel business is facing serious competition from overseas and will not be able to survive if its competitive advantage—namely, its intellectual property—can be stolen without serious consequence. The financial incentive to steal proprietary artwork from domestically based companies and manufacture garments bearing that artwork more cheaply overseas is enormous. It is thus critical to adequately deter and sanction infringing activity.

In essence, the Copyright Act provides that no party should profit from the unauthorized sale of infringing product. Unfortunately, Conway's default prevents Design Collection from uncovering the scope of the infringement or how much was earned by Conway and its customers from illicit sales—damages that would fall squarely on Conway's shoulders to pay should Design Collection recover at trial.

Moreover, Conway's default prevents Design Collection from obtaining a jury verdict against it for $30,000.00 in statutory damages, a statutory damages award that Design Collection's counsel has successfully surpassed in other cases. See, e.g. *L.A. Printex Industries Inc. vs. G&G Multitex, Inc*., 2010 WL 6648986 (Case No. 09-CV-03812, C.D.Cal. December 08, 2010, jury verdict for $150,000.00 in statutory damages against Defendant who claimed only a few thousand in profits). As with the *G&G Multitex* case, the availability of a substantial statutory damage award against Conway exists even if its profits were relatively small.

If Conway had participated in this litigation it would likely have faced damages of $30,000.00 plus costs of litigation for itself and Design Collection. It stands to be unjustly enriched by anything less than an award of statutory damages in the amount of $30,000.00.

## V.   DESIGN COLLECTION IS ENTITLED TO RECOVER COSTS IN THE AMOUNT OF $285.00.

Under the Copyright Act, a prevailing copyright owner may recover full costs. *See Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388 (C.D. Cal. 2005) (awarding full costs to Plaintiff in default judgment for copyright infringement action). Design Collection requests to recover $285.00 in litigation costs it incurred in this case. Doniger Decl. ¶ 6.

## VI.   DESIGN COLLECTION IS ENTITLED TO REASONABLE ATTORNEYS' FEES.

In addition to costs, a prevailing copyright owner may also recover reasonable attorneys' fees under the Copyright Act. 17 U.S.C. §505. Design Collection requests to recover these fees by this Court's default judgment.

A court may award "full costs, including reasonable attorneys' fees, to the prevailing party in a claim arising under the Copyright Act." 17 U.S.C. §505. Where a plaintiff is entitled to attorneys' fees by statute, the Court may award reasonable attorneys' fees with a default judgment in its discretion. *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993). In the Central District, the Court can even award an amount greater than that calculated under the schedule of attorney fees for default cases. *See* Local Rule 55-3.

In this case, Design Collection requests an award of at least $1,470 to cover reasonable attorneys' fees. *See* Doniger Decl. ¶ 5.

///
///
///

**VII.   CONCLUSION**

Based on the foregoing, Design Collection respectfully requests that the Court enter a default judgment against Conway Stores, Inc. and in favor of Design Collection, Inc. awarding statutory damages in the amount of $30,000.00, attorneys' fees in the amount of $1,470.00, and costs in the amount of $285.00.

Respectfully submitted,

DONIGER / BURROUGHS

Date: February 14, 2014          By:          /s/ Stephen M. Doniger
Stephen M. Doniger, Esq.
Attorneys for Plaintiff

NOTICE OF APPLICATION AND APPLICATION FOR DEFAULT JUDGMENT BY THE COURT

## DECLARATION OF STEPHEN M. DONIGER, ESQ.

I, Stephen M. Doniger, Esq., am an attorney at DONIGER / BURROUGHS APC, which represents Plaintiff Design Collection, Inc. in this action.  I have personal knowledge of each of the following facts stated in this declaration:

1. I caused this lawsuit to be filed against Defendant Conway Stores, Inc., which was served on January 9, 2014 (Dkt. 6).

2. Although Conway was served with the Summons and Complaint, it has not responded to the Complaint or otherwise appeared in this action.

3. On February 10, 2014, the Court entered default in favor of Design Collection and against Conway (Dkt. 16).

4. To my best knowledge, Conway is not a minor, incompetent, or in military service.

5. My firm has spent at least four (4) hours pursuing our client's claims against Conway. With my firm's standard billing rates, our client has incurred attorney's fees of at least $1,470.00 in connection with the pursuit of Design Collection's claims against Conway.

6. Plaintiff has incurred at least $285.00 in litigation costs, including in connection with the service of process on Conway and obtaining a default against Conway.

I solemnly swear and declare under the laws of the State of California and the United States of America and the penalty of perjury that the foregoing is true and correct.

Dated: February 14, 2014        By:    /s/ Stephen M. Doniger
                                       Stephen M. Doniger, Esq.
                                       Declarant

NOTICE OF APPLICATION AND APPLICATION FOR DEFAULT JUDGMENT BY THE COURT